FABREGAS v. HAUSMANN

(January 27, 1930. Opinion and Decree.)

232

Henry W. Robinson and Henry M. Robinson, of New Orleans, attorneys for plaintiff, appellant.

Spearing & Mabry, and W. H. McClendon, Jr., of New Orleans, attorneys for defendant, appellee.

WESTERFIELD, J. This suit grows out of a collision of automobiles. Plaintiff, claiming damages for personal injuries as a result of the collision, asks for $2,759.75. Her demand was rejected by the lower court and her petition dismissed. She has appealed.

Plaintiff, her daughter, Mrs. E. D. Moore, and her six-year-old grandson, Francis Moore, were in a Ford coupe which was driven by Mrs. Moore. They attempted to cross from one side of Carrollton Avenue to the other at the intersection of Hickory street. It is plaintiff's contention that as the Ford reached the neutral ground which divides Carrollton avenue, it was stopped and the horn was blown in accordance with the requirements of Section 7, paragraph (d) of the traffic ordinance 7490 C. C. S. to indicate to traffic on the roadway that the driver intended to enter the lower side of Carrollton avenue; that as the Ford emerged from the neutral ground it was struck by a Cadillac belonging to the defendant and driven by a negro chauffeur. Plaintiff alleges that the speed of the Cadillac was immoderate, being in excess of thirty-five miles per hour.

Defendant denies that the Cadillac was speeding but on the contrary proceeding slowly because Burl, the negro chauffeur, was instructed not to exceed fifteen miles per hour, because of the presence in the car of an aged lady, the grandmother of Mrs. Hausmann, defendant's wife.

According to the version of the accident given by the defendant, the Ford coupe did not stop on the neutral ground, did not blow its horn and gave no indication of its intention to enter the roadway. The accident, it was claimed, was due to the fact that the driver of the Ford lost control, the car starting suddenly, possibly caused by a mistake of the driver in placing her foot on the accelerator instead of the brake, and causing the Ford to strike the Cadillac in the rear when it had almost completed the crossing.

As the Cadillac approached the intersection where the accident occurred, it was followed by an automobile driven by a Mr. Gillen, whose testimony is in the record. Mr. Gillen with exceptional opportunity to observe the collision completely corroborates defendant as to the manner in which the accident happened. He is a wholly disinterested witness and his testimony is most positive and convincing, sufficient to resolve any doubt we may have had as to the responsibility for the accident.

For the reasons assigned the judgment appealed from is affirmed.